UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN ARBOR PUBLIC SCHOOLS,

                                        Plaintiff,

                                                        CIVIL CASE NO. 04-40280

v.

DIAMOND STATE INSURANCE COMPANY,                HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT
                                        Defendant.
_____/

## ORDER GRANTING AND DENYING MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Ann Arbor Public Schools ("AAPS") first filed suit against Defendant Diamond State Insurance Company ("Diamond State") on September 28, 2004, claiming certain entitlements under an insurance coverage policy between the parties. Jurisdiction is proper in this Court because of the complete diversity of the parties. Before the Court are two motions: Defendant Diamond State's motion to dismiss or for summary judgment, filed on March 1, 2005; and Plaintiff AAPS's motion for summary judgment, filed on September 7, 2005. A motion hearing was held before the Court on February 1, 2006. For the reasons set out below, the Court will grant Defendant Diamond State's motion and deny Plaintiff AAPS's motion.

### I.       Background

AAPS is the insured of Diamond State under a policy entitled the "Educators Legal Liability Insurance Policy, No. B170840," ("the insurance policy"). The insurance policy began on August 1, 2001, and remained in effect until August 1, 2002. On or about September 20, 2001, seven employees filed suit against AAPS in Washtenaw County Circuit Court, asserting various federal

and state discrimination claims on the basis of race ("the underlying suit"). It is undisputed that AAPS gave Diamond State timely notice of the state lawsuit and requested that Diamond State provide insurance coverage. In a January 2, 2002 letter, Diamond State refused to pay for the defense costs and settlement costs of the underlying suit, claiming that the costs did not fall under the insurance policy.

In the months leading up to the filing of the underlying suit, two important related events occurred. First, on April 26, 2000, the seven AAPS employees who were plaintiffs in the underlying suit filed a "Class Action Grievance" against AAPS, alleging that they had been subject to various instances of racial discrimination by their employer AAPS. Second, in November 2000, six of the underlying plaintiffs filed charges of racial discimination by AAPS with the Equal Employment Opportunity Commission ("EEOC"). After investigation, the EEOC declined to pursue the charges and issued right-to-sue letters to the plaintiffs dated March 27, 2001. Plaintiffs subsequently filed the underlying state suit, which was later settled.

After Diamond State refused to pay for the costs of the underlying suit, AAPS filed the current action now before the Court in order to recover the costs from Diamond State through the insurance policy. The insurance policy between Diamond State and AAPS contains several important provisions:

        I.        Insuring Agreements

             A.        The Insurer will pay on behalf of the Insureds loss and defense expenses in excess of the stated deductible and up to the stated limit of liability for any claim due to a Wrongful Act to which this policy applies, only if the

                    1. Wrongful Act takes place on or after the retroactive date,

2

if any, and before the end of the policy period or any earlier termination date of this policy;

        2. Claim is first made against the Insureds during the policy period; and

        3. Claim or circumstance is reported to the Insurer in writing during the policy period, the automatic reporting period, or the optional extended reporting period, if purchased by the Insureds.

Section I.A of the insurance policy.  The term "claim" is defined in Section III.A of the insurance policy as "any written demand for money damages to which this policy applies."

The insurance policy also contains an exclusion "N" which states: "This policy does not apply to any loss or defense expenses for any claim or circumstance . . . based on any circumstance or fact known at the time of the application which any Insureds could reasonably expect would result in a claim."  Section II of the insurance policy.

## II.  Legal Standard

The Court will consider both motions submitted by the parties as motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio*

3

*Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's]

4

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.   Analysis

Both parties concede that there are no disputed issues of material fact. Because only legal issues remain, the parties instead argue that summary judgment should be granted for one side or the other. Both parties' arguments for summary judgment in their favor are based on the interpretation of the terms of the contract setting out the insurance policy.

The Court finds that exclusion "N" of the insurance policy is applicable in this case. Exclusion "N" states: "This policy does not apply to any loss or defense expenses for any claim or circumstance . . . based on any circumstance or fact known at the time of the application which any Insureds could reasonably expect would result in a claim." Section II of the insurance policy. The Court first concludes that this contract language is unambiguous and binding on the parties to the contract.

5

Before it entered into the insurance agreement with Defendant on August 1, 2001, AAPS knew that several of its employees had filed a Class Action Grievance against AAPS alleging racial discrimination in April 2000.  Furthermore, AAPS was aware that several of its employees had filed charges of racial discrimination with the EEOC in November 2000.  All of these are facts and circumstances which AAPS should have "reasonably expect[ed] would result in a  claim." Exclusion N of the insurance policy.

In opposition, AAPS argues that it was not reasonable to expect a claim to arise from the underlying circumstances of the racial discrimination allegations because the 90-day limit for filing a federal claim set out in the March 27, 2001 EEOC right-to-sue letters had expired by August 1, 2001, the date that AAPS began the insurance policy.  AAPS argues that since the federal 90-day time limit had expired, AAPS had no reason to expect that an actual claim would be filed.

The Court is not convinced by AAPS's argument.  Though the federal 90-day limit had expired by the time the insurance policy came into effect, the state statute of limitations had not expired as the plaintiff employees had a much longer time period to file a state claim. It was reasonable to expect that a state claim might arise from the underlying circumstances surrounding the allegations of racial discrimination.  The EEOC right-to-sue letters alluded to this when it stated: "The time limit for filing suit based on a state claim may be different."  Ex. 5, Def. Mot. (Mar. 1, 2005).  In addition, though it was written after the underlying suit had been filed in state court, AAPS's own legal counsel, G. Doolittle, acknowledged the existence of the longer statute of limitations for state claims in a memorandum on October 1, 2001: "The 'Right to Sue' letter issued by the EEOC, about which we advised the Board of Education several weeks ago, speaks to suits

6

brought in federal court as opposed to state courts, but claimants may file a civil suit in the state circuit court within three (3) years of the date of the alleged act(s) of discrimination." Ex. 1, Att. A, Def.'s Surreply (Dec. 28, 2005). Therefore, the Court finds that is reasonable to expect that a state claim may result even though the federal statute of limitations had expired.

The Court also notes that AAPS's June 22, 2001 application with the Evanston Insurance Company for insurance coverage asks whether there are any facts, incidents, or circumstances which may result in claims being made against AAPS. Ex. 7., Def.'s Resp. to Pl.'s Mot. (Oct. 3, 2005). On the application, AAPS answered this question in the affirmative, noting the existence of the EEOC charges. This demonstrates that AAPS knew that the circumstances surrounding the EEOC charges may result in claims against AAPS before it entered the insurance policy agreement with Diamond State in August 2001. Lastly, the Court disagrees with AAPS's remaining arguments that Diamond State waived its defense of exclusion "N" and that the "known loss" doctrine applies.

In conclusion, the Court finds that exclusion "N" is an unambiguous provision of a binding contract between AAPS and Diamond State and that it is governing in this case. The Court also concludes that it was reasonable to expect that actual claims would result from the allegations of racial discrimination and circumstances surrounding the earlier Class Action Grievance and EEOC charges. Consequently, AAPS is not entitled to recover the costs of the claims of the seven plaintiffs from the underlying suit and Diamond State is entitled to dismissal of the suit as a matter of law. Because of this, the Court will not consider the merits of the other arguments in favor of summary judgment put forward by the parties.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Diamond State's motion

7

to dismiss or for summary judgment [docket entry 21] is **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff AAPS's motion for summary judgment [docket entry 46] is **DENIED**.

      **SO ORDERED.**


Dated:   March 21, 2006                    s/Paul V. Gadola
                                           HONORABLE PAUL V. GADOLA
                                           UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  March 21, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                Anita Fox; Richard J. Landau                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


                            s/Ruth A. Brissaud
                            Ruth A. Brissaud, Case Manager
                            (810) 341-7845